IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS E. WILLIAMS | ) CASE NO. 1:10CV1028 |
| Plaintiff, | ) |
| | ) JUDGE PATRICIA A. GAUGHAN |
| v. | ) |
| | ) |
| CUYAHOGA COUNTY COMMON PLEAS COURT, et al. | ) MEMORANDUM OF OPINION AND ORDER |
| | ) |
| Defendants. | ) |

Plaintiff *pro se* Demetrius E. Williams brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants Cuyahoga County, Ohio Common Pleas Court, Attorney Reubin J. Sheperd, John P. Hildebrand, Stephen E. Gahl and Brad Meyer. He does not indicate what positions are held by Hildebrand, Gahl and Meyer.[1] Cuyahoga County Common Pleas Court Judge John J. Russo is mentioned in the Complaint. On May 7, 2010, Plaintiff plead guilty to involuntary manslaughter in violation of R.C. 2903.04, aggravated robbery in violation of R.C. 2911.01 and attempted having a weapon under disability in violation of R.C. 2923.02, 2923.13A. He was sentenced to a term of imprisonment of 19 and a half years. *State of Ohio v. Williams*, Case No. Cr-08-518986. He alleges that he has been deprived of his constitutional rights by not being allowed to attend all court proceedings. In addition to the right to be present at his court proceedings, Plaintiff requests that the judge, assistant prosecutors and defense counsel be dismissed from his case and that he be awarded $3,000.000.00 in damages.

---

[1] The Common Pleas Court Docket identifies Gahl and Meyers as assistant prosecutors and Hildebrand as an attorney. *See State of Ohio v. Williams*, Case No. CR-08-518986.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Plaintiff contends that he has been deprived of this constitutional right to be present at all his court proceedings. This is clearly an instance where a court decision would express an opinion as to the validity of Plaintiff's conviction, as any opinion by this court on the issue he seeks to raise would necessarily implicate the validity of that conviction. Thus, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his conviction. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); *Kuehne v. Foley*, 2009 WL 1045897 * 2 (S.D. Ohio, Apr. 20, 2009), *cert. denied*, 130 S.Ct 342 (2009).

The Sixth Circuit has held that an Ohio common pleas court is an arm of the state for purposes of section 1983 liability and the Eleventh Amendment applies. *Mumford v. Basinski,* 105 F.3d 264, 268-9 (6th Cir.1997). The Eleventh Amendment to the United States Constitution prohibits a citizen of a state from suing that state, or one of its agencies, in federal court unless the

state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1(1890); *Jacobs v. Ohio Dept. of Rehabilitation and Correction*, 2009 WL 3126285 * 3 (S.D. Ohio, Sep.23, 2009) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-99 (1984). The State of Ohio has not consented to suit in federal court. *Jacobs*, 2009 WL 3126285 at * 3.  Moreover, a court is not a suable entity. *Wise v. Steubenville Mun. Court,* 2008 WL 4849233 *2 (S.D. Ohio, Nov. 6, 2008)(citing *Mineer v. Fleming County,* 1995 WL 111490 * 1 (6th Cir. March 15, 1995).

Judge Russo is a Common Pleas Court Judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Russo acted outside the scope of his official duties. Judge Russo definitely acted within the scope of his official duties in presiding over Plaintiff's court case.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Assistant Prosecutors Stephen E. Gahl and Brad Meyers were acting outside of the scope of their responsibilities.

3

Plaintiff's attorneys, Reubin J. Sheperd and John Hildebrand are not responsible for the manner in which court proceedings are conducted. The claim that they have not been effective counsel because they did not ensure his presence at court proceedings is not a matter for this Court.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


Date:  7/12/10                                           /s/Patricia A. Gaughan
                                                         JUDGE PATRICIA A. GAUGHAN
                                                         UNITED STATES DISTRICT JUDGE